UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH BRETON,

        Plaintiff,

      v.                                        22-CV-977-LJV-MJR
                                                DECISION & ORDER
SAFRAN, *et al.*,

        Defendants.

---

On December 16, 2022, the *pro se* plaintiff, Elizabeth Breton, commenced this action under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Docket Item 1. On May 8, 2023, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A). Docket Item 15. On May 1, 2024, Judge Roemer issued a Report and Recommendation ("R&R") finding that this action should be dismissed for failure to prosecute. Docket Item 36. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has carefully reviewed Judge Roemer's R&R. Based on that review and the absence of any objections, and for the reasons that follow, the Court accepts and adopts Judge Roemer's recommendation to dismiss this action for lack of prosecution.

## **PROCEDURAL BACKGROUND**

In August 2023, the defendants—Safran, Tama J. Gresco-Sauers, Brad Beyer, and Ray DeCarlo—informed Judge Roemer that Breton "had not responded" to their "repeated attempts to contact [her] by U.S. Mail, email, and phone[] for purposes of selecting a mediator." Docket Item 36 at 1-2 (citing Docket Item 22). Shortly after that, Breton filed a letter "acknowledg[ing] her delays in responding" and explaining "that she was facing eviction from her home." *Id.* at 2 (citing Docket Item 26). Breton stated that she would "be in contact again to notify the Court[] of a new address once [she had] one." *Id.* (quoting Docket Item 26).

On January 8, 2024, the defendants "notified [Judge Roemer] of a new mailing address for [Breton]" that they had learned during the mediation process. *Id.*; *see* Docket Item 28 ("It is our understanding based on Plaintiff's communications . . . that Plaintiff's address changed from 3189 Broadway Road, Lot 8, Alexander, NY 14005 to 26 South Pearl Street Apt. 2[,] Oakfield, NY 14125."). Breton's "address was updated in the Court's records based on this information." Docket Item 36 at 3.

The next month, the defendants informed Judge Roemer that despite their continued efforts to contact Breton by phone and email, she had failed to (1) respond to their discovery demands and (2) "appear for her deposition." *Id.*; *see* Docket Item 29. Judge Roemer then set a deadline for Breton to respond to a pending discovery motion,

2

but Breton again "failed to respond." Docket Item 36 at 3. So on March 25, 2024, the defendants asked Judge Roemer to order Breton "to show cause why the case should not be dismissed based on [her] failure to respond, failure to participate in discovery, and failure to appear for [her] deposition." *Id.* (citing Docket Item 30). Judge Roemer did so, "directing [Breton] to show cause, on or before April 26, 2024, why this action should not be dismissed for failure to prosecute." *Id.* (citing Docket Item 33). The order "was mailed to [Breton] at her prior address of record in Alexander, New York, and her last known address in Oakfield, New York" and "warned that [Breton's] failure to respond could result in dismissal of the action." *Id.* at 3-4 (citing Docket Item 33).

Breton did not respond to that order. Nor did she object to the R&R that followed. But "several documents sent to [Breton] . . . were returned to the Court as undeliverable," *id.* at 4 & n.4, including copies of the R&R mailed to both the Alexander and Oakfield addresses, Docket Items 37 and 38.

## DISCUSSION

Judge Roemer recommended that this case "be involuntarily dismissed for want of prosecution." Docket Item 36 at 4-9; *see West v. Gilbert*, 361 F.2d 314, 316 (2d Cir. 1966) ("The [d]istrict [c]ourt has the power to dismiss for failure to prosecute, on its own motion."). Judge Roemer based that recommendation on Breton's failures to (1) take any "affirmative steps to move this case forward" since October 2023; and (2) comply with Local Rule of Civil Procedure 5.2(d), which requires a *pro se* party to provide a current address and to "inform the Court immediately, in writing, of any change of

3

address."[1]  Docket Item 36 at 4-9 (citations omitted).  Judge Roemer also noted that he and the defendants had "attempted to reach [Breton] through all known addresses and through alternative methods," to no avail.  *Id.* at 6-7.

This Court is sympathetic to the uncertainty and upheaval that a plaintiff facing eviction may experience.  But over the last nine months, Breton has had ample opportunity to provide the Court with an address where she can be reached.  Therefore, and considering the factors relevant to dismissing a case for failure to prosecute, *see id.* at 4-5 (outlining five factors), this Court agrees with Judge Roemer's recommendation that dismissal is warranted here.

## **CONCLUSION**

For the reasons stated above and in the R&R, this case is dismissed without prejudice for failure to prosecute.  The defendants' pending motions for discovery, Docket Items 29 and 30, are DENIED without prejudice as moot.  The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   June 26, 2024
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 5.2(d) warns *pro se* plaintiffs that "[f]ailure to [provide an updated address] may result in dismissal of the case, with prejudice."  Loc. R. Civ. P. 5.2(d).